UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERMOLIFE INTERNATIONAL LLC and RON KRAMER, | Civ. No. 2:13-4399 (KM) |
| Plaintiff, | |
| | ORDER & JUDGMENT |
| v. | |
| ANTHONY CONNORS and JANE DOE CONNORS, | |
| Defendant. | |

**THIS MATTER** having been opened to the Court by Plaintiffs, Thermolife International LLC ("Thermolife") and Ron Kramer, through their counsel, Jerffrey A. Shooman (of Lite DePalma Greenberg, LLC), on a Motion for Default Judgment against Defendant Anthony Connors (Docket No. 7), pursuant to Fed. R. Civ. P. 55(b)(2); and the motion being unopposed; and the Court having issued an Order to Show Cause why default judgment should not be entered in Plaintiffs' favor (Docket No. 10); and Defendants having failed to respond to this Order; and Plaintiffs having filed supplemental briefs and accompanying exhibits in support of this motion (Docket No. 11); and the Court having considered the moving papers and the entire case file; and

**IT APPEARING** that Defendant was served with the Complaint on August 10, 2013 (Docket No. 5), but did not respond; that the Clerk entered default as to Connors on September 23, 2013; and for good cause shown

**IT IS** this 17th day of March 2014,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED** and judgment shall be entered against Connors, in the total amount of $530,000.00 in compensatory damages; and it is further

**ORDERED** and **ADJUDGED** that Plaintiffs are GRANTED the following injunctive relief:

Defendant and his officers, agents, servants, employees, attorneys,

and other persons who are in active concert or participation with him, are hereby enjoined from:

1. Making any statement on the internet that falsely disparages ThermoLife International LLC's U.S. Patent Application No. 10/904,029 (the "Dicana Patent Application") (issued as U.S. Patent No. 7,919,533), and the assertion by ThermoLife (or any company related to ThermoLife International, LLC) of patent protections related to U.S. Patent Application No. 10/904,029 (issued as U.S. Patent No. 7,919,533); and

2. Making any false statement on the internet to the effect that Ron Kramer was the source or informant that led to the Bay Area Labs Co-Operative ("BALCO") investigation.

3. Any statements currently posted to the internet that meet the description of paragraphs 1 or 2, above, shall be removed forthwith.

4. This Court will retain jurisdiction to enforce or modify this injunction.

_____
**KEVIN MCNULTY**
**United States District Judge**