UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THERMOLIFE INTERNATIONAL LLC and RON KRAMER,** | Civ. No. 2:13-4399 (KM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION and ORDER** |
| **ANTHONY CONNORS and JANE DOE CONNORS,** | |
| Defendants. | |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of Plaintiffs ThermoLife International, LLC ("ThermoLife") and Ron Kramer, for an order of contempt and expansion of the scope of a prior injunction entered against Defendant Anthony Connors (Docket No. 15). For the reasons set forth below, the motion is denied.

On March 17, 2014, I filed a Memorandum Opinion and entered a default judgment against the Defendant. (Docket Nos. 13, 14) The money judgment was in the amount of $530,000. Defendant was ordered to remove certain allegedly defamatory statements from his website.

Plaintiffs now state that there are additional defamatory statements on the website, and that the old ones have not been removed. Defendant, they say, has notice of the Court's order because they mailed it to his prior counsel in Arizona. The injunction, say Plaintiffs, should be expanded to include the new statements, and the Defendant should be held in contempt.

Familiarity with my prior opinion is assumed. A finding of defamation by default is obviously awkward at best. There are First Amendment pitfalls in enjoining speech, and I was further hampered in making the necessary findings by the lack of any response from the Defendant. I nevertheless granted monetary damages and limited injunctive relief based on the showing in Plaintiff's papers, after affording the Defendant the opportunity to respond by an order to show cause.

I am not inclined to simply "expand" my former injunction based on what seems to be the result of an office-chair Google search or download. I am similarly reluctant to conclude that Defendant has notice based on a mailing to his "former counsel in Arizona." (Document 15-1 at ¶ 5)

Plaintiffs make no showing that they have made any attempt to avail themselves of the adequate remedies at law to which my former order and default judgment entitled them. Any further Court order would be enforced primarily by monetary sanctions. Plaintiff, however, appears to be unwilling or unable to enforce the $530,000 judgment I awarded, and has not suggested what further enforcement mechanisms would be practical or appropriate.

In short, further injunctive relief and a contempt sanction appear to be inadvisable at the present time. In the exercise of my equitable discretion, I will decline to grant the further relief requested by Plaintiffs.

**ORDER**

IT IS therefore, this 1st day of August, 2014

ORDERED that Plaintiffs' motion to hold Defendant in contempt and to expand the scope of the prior injunction is DENIED.

_____
**KEVIN MCNULTY**
**United States District Judge**